## COMPETENCY OF TESTIMONY OF HUSBAND AND WIFE AGAINST EACH OTHER.

Common Pleas Court of Summit County.

THE STATE OF OHIO v. GEORGE LAWRENTZ.

Decided, March, 1924.

*Criminal Law—Wife may Testify against Husband, When—Construction of Section* 13659.

In a prosecution of the husband for the murder of his minor child under sixteen years of age, the wife is a competent witness for the state.

FRITCH, J .

The grand jury of Summit county returned an indictment, charging George Lawrentz with murder in the second degree. To this indictment, he entered a plea of not guilty. On trial, the state called the defendant's wife as a witness to show what the defendant said and did at and before the commission of the alleged murder. The defense objected on the ground that the wife is not permitted to testify under the provisions of General Code, Section 13659.

The indictment and the opening statements of counsel constitute the pleadings in a criminal case. From the indictment and the opening statement by the prosecuting attorney, it appears that the state claims that the defendant shot his own child with a rifle. The bullet cut off several fingers of one hand of the child, passed through its head from side to side, and caused its death some hours later. No one was present at the time of the shooting except the defendant's wife, the defendant and the child. The child was less than a year old. No one else competent to be a witness was within the known presence or hearing of the defendant and his wife at the time of the shooting.

The question is presented, whether, under these circumstances, the wife may testify for the state and against her husband. Under the early common law rule, husband and

wife could not testify either for or against each other, in criminal cases. This rule was made by the judges, for the protection of husband and wife and of the marriage relation. It probably arose out of the supposed personal unity of husband and wife.

In order that the modern rule may be properly understood, it is necessary to keep in mind not only the reasons for the earlier rule, but also the reasons of the modifications of the rule which were made from time to time by the judges and by statute. In the administration of justice, the judges soon found that it was necessary to make exceptions to the rule, to prevent what was intended as a shield for husband and wife against others from being used as a sword for the destruction of the safety of the parties to the marriage relation.

As early as 1631, the judges in Lord Audley's case decided that the wife was a competent witness against her husband in a case in which he was charged with aiding and abetting another in the rape of his wife. This exception was based on necessity arising out of the situation, for, if the wife could not testify, she would be left without remedy or protection in case of personal injury to her by her husband.

Here was a conflict between the legal conception of the personal unity of husband and wife on the one hand, and the principle that the state is bound to protect the life and person of its citizens, on the other. Without putting it in any such language, however, the judges did decide that the duty of affording protection to the life and person of the wife must, under the circumstances, be held superior to the supposed unity of person, and the wife must be permitted to testify.

Following this decision, the testimony of the wife was allowed in cases of assault and battery by the husband, in cases in which the husband was charged with shooting at his wife, in cases in which he attempted to poison his wife, and in Woodcock's case, 1 Leach C. C., 500, in which the husband was charged with killing his wife, and the question was whether the wife's dying declarations were admissible against him. As the result of these cases, the rule became thoroughly estab-

lished that husband and wife could testify in cases of personal injury by one to the other.

The original section governing the competency of witnesses in criminal cases, and corresponding to present section, General Code 13659 was passed in 1869, and is found in Vol. 66, p. 308, Ohio Laws. This section makes no mention of husband and wife. While this section was in force, the case of *Whipp* v. *State*, 34 O. S., 87, was decided by our Supreme Court. Following the English cases, it was held that, in a prosecution of the wife for an assault on her husband, he is a competent witness for the state.

In 1889, this statute was amended. The amended statute is found in Vol. 86, at page 161, Ohio Laws, the pertinent part of the amended section being as follows:

"Husband and wife shall be competent witnesses to testify in behalf of each other in all criminal prosecutions, * * * but husband and wife shall not testify concerning any communication made by one to the other, or act done by either in the presence of each other, during coverture, unless the communication was made or act done in the known presence or hearing of a third person competent to be a witness, or unless in case of personal injury by either the husband or wife to the other."

In 1894, another change was made, and the amended statute is found in Volume 91, page 50, Ohio Laws. The change made then was the addition at the end of the section just quoted of the following words: "Or in case of the neglect or cruelty of either to their minor children under 10 years of age."

On December 1st, 1908, the Supreme Court decided the case of *State* v. *Orth*, 79 O. S., 130, and held that the wife is not a competent witness for the state in a prosecution of her husband for a failure to support his minor children.

This pronouncement by the Supreme Court was not permitted to stand as the law of the state. The Legislature very promptly amended the statute, so that its meaning might not be again mistaken, and placed it in its present form. It is now known as General Code, Section 13659. The amendment

was made in 1909, and is found in Vol. 100, at p. 49, of the Ohio Laws. The pertinent parts now read as follows:

"Husband and wife shall be competent to testify in behalf of each other in all criminal prosecutions, and to testify against each other in all actions, prosecutions and proceedings for failure to provide for, neglect of, or cruelty to their child, or children under sixteen years of age. * * * Husband or wife shall not testify concerning a communication made by one to the other, or act done by either in the presence of each other during coverture, unless the communication was made or act done in the known presence or hearing of a third person competent to be a witness, or in case of personal injury by either the husband or wife to the other, or in the case of the failure to provide for or the neglect or cruelty of either to their children under sixteen years of age."

Under this section, if either husband or wife is being prosecuted for cruelty to a minor child under 16 years of age, the other is a competent witness for the state.

This brings us to the consideration of what is meant by "cruelty."

There are a number of sections of the General Code dealing with offenses against children, such as General Code, Section 1654 and 1655, relating to abuse, Section 13008 relating to failure to support, Sestion 12970 relating to abandonment and torture, and Section 12968 relating for the most part to the employment of children.

There is no specific offense in our criminal laws known as "cruelty to a minor child." The nearest offense that might be termed "cruelty," from its description in the statute, is a misdemeanor described in General Code, Section 12968 as "permitting a child under fourteen years of age to suffer, or to inflict upon such child unjustifiable physical pain or mental suffering." But this statute does not use the word, "cruelty."

Since it has no technical or statutory meaning the word "cruelty," must be construed in its ordinary sense and meaning. "Cruel" is defined as "merciless, pitiless or inhuman;" as "a malicious act, inflicting severe pain or threatening danger to the life or health of another."

In order that the wife may testify, two things must concur; the act charged must be a personal injury, inflicted on the child by the husband, in violation of the criminal law, and the act must be one of cruelty. Whether it amounts to cruelty is a question for the court. The phrase, ''cruelty of either to their children under sixteen years of age,'' must be given its ordinary, non-technical meaning, as well as the phrase, ''personal injury by either husband or wife to the other.''

Suppose that the defendant had cruelly injured his child by cutting it with a knife, and that, after some weeks of suffering, it had recovered, and the defendant were now being prosecuted for cutting with intent to kill or wound, or for an unlawful injury to the child under General Code, Section 1655, or for unlawfully inflicting unjustifiable pain on the child under General Code, Section 12968, would it be contended that the wife could not testify? If, in such a case, the wife may not testify, then the term ''cruelty,'' as used in General Code, Section 13659, has no recognizable meaning.

If, in such a case, the wife may testify, then, does the fact that the child, instead of recovering, died within a few hours from the effects of a rifle shot and that the defendant is being prosecuted for murder, instead of a lesser offense, operate to prevent the application of the rule?

On account of the amendment of the statute, General Code, Section 13659, the case of *State* v. *Orth* has no application in this case. Applying the reasoning of every case above referred to, except *State* v. *Orth,* to the case at bar, the court holds that; under General Code, Section 13659, the wife is a competent witness in this case for the state, against her husband, and that her testimony is admissible.